UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 05-CIV-21962-COOKE/BROWN

BROOKSHIRE BROTHERS, LTD.,
et al.,

       Plaintiffs,

  vs.

CHIQUITA BRANDS
INTERNATIONAL, INC., et al.,

       Defendants.
_____/

ORDER DENYING MOTION TO QUASH SERVICE
AND SCHEDULING BRIEFING ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon the Defendants, Exportadora Bananera Noboa, S.A. and Grupo Noboa, S.A.'s (collectively "Noboa Defendants"), Motion to Vacate the Court's Order Granting the Plaintiffs' Motion to Serve the Noboa Defendants through their Local Counsel and to Quash Service. For the reasons stated below, the Court denies the instant motion.

**I.**    **Introduction**

The Plaintiff brought this case against several of the world's leading banana growers and suppliers in July, 2005, and perfected service on all but the Noboa Defendants in August, 2005. The fact that the Noboa Defendants were Ecuadorian corporations presented a challenge—that service be perfected in accordance with the rules governing service of process upon foreign corporations, Fed. R. Civ. P. 4(h)(2) and 4(f).

The Plaintiffs first looked to Rule 4(f)(1) and hired APS International, Ltd. to serve the Noboa Defendants under the Inter-American Convention. Despite APS's attempts, over a year

went by without success.  APS informed the Plaintiff's that the process could take two years, and that there was no guarantee that services would ever be perfected by this method.

Meanwhile, the case was surging forward.  Motions to dismiss had come and gone, and discovery was moving along.  The case was set for trial in February, 2008.  So in late 2006, with the clock running down rapidly in this complicated antitrust matter, the Plaintiffs moved the Court under Rule 4(f)(3) to allow service upon the foreign Noboa Defendants through their local counsel in South Florida, Sterns and Weaver.  Sterns and Weaver had been representing the Noboa Defendants in a different antitrust litigation pending before Judge Jordan of this District.

This Court decided to exercise its discretion to grant the Plaintiffs' Rule 4(f)(3) motion to serve the Noboa Defendants through their local counsel in Florida.  And upon reconsideration of the issue, the Court finds its decision to be just and sound for the reasons explained below.

## II.     Discussion

The United States Supreme Court has explained the due process rationale behind Rule 4's service provision:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.  The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Fed. R. Civ. P. 4(h)(2) defines the contours of service upon foreign corporations, and directs that Rule 4(f) be applied in this regard.  Rule 4(f) gives litigants choices for acceptable methods of service.

Rule 4(f)(3) is one of three separately numbered subsections in

> Rule 4(f), and each subsection is separated from the one previous merely by the simple conjunction "or." Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates their primacy, and certainly Rule 4(f)(3) includes no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

*Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). The invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief. *See id*. So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements. *See Prewitt Enterprises, Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003).

In light of the law the Court authorized a Rule 4(f)(3) method of service because: (1) the Plaintiffs' attempts to perfect service under Rule 4(f)(1) for over a year had come to naught, (2) trial was steadily approaching, (3) extensive discovery would likely be necessary in this complex antitrust matter, and (4) the Court had reason to believe that proper notice to the Noboa Defendants could most effectively be achieved through their local counsel. Sitting now as the quarterback on Monday morning, the Court finds still that its decision was sound and in the best interest of all parties involved—even the Defendants who have complained. Juxtaposing this issue with the fundamental concepts of due process delineated by the Supreme Court—that service be of such nature so as to afford interested parties reasonable time to make an appearance—the Court's authorization of service by local counsel actually afforded the Noboa Defendants more time defend than they otherwise would have had, had service been allowed to

drag under the Rule 4(f)(1) method. Furthermore, the Court's decision avoided prejudice to the Plaintiffs by allowing them to serve the last remaining unserved antitrust Defendants who claim to have 11% of the world's relevant market share. The matter can now proceed smoothly as it should. And it has, because the Noboa Defendants have also filed a substantive motion to dismiss. Accordingly the Court hereby

**ORDERS and ADJUDGES** as follows:

1. The Defendants' Motion to Quash Service is **DENIED**.
2. The Plaintiffs shall respond to said Defendants' Motion to Dismiss no later than June 8, 2007.
3. The Defendants shall reply by June 15, 2007.

*The Plaintiff's are forewarned that failure to respond by the Court's deadline may result the dismissal of the said Defendants by default.*

**DONE and ORDERED** in Chambers at Miami, FL, this 31st day of May, 2007.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Magistrate Judge Stephen T. Brown*
*Counsel of Record*