UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 05-21962-CIV-JORDAN

BROOKSHIRE BROTHERS, et al., on
behalf of itself and all others similarly
situated,

        Plaintiffs

vs.

CHIQUITA BRANDS INTERNATIONAL,
INC., et al.,

        Defendants

_____

**ORDER AND FINAL JUDGMENT FOR FINAL APPROVAL OF SETTLEMENTS,
CERTIFICATION OF THE CLASS, APPOINTMENT OF CLASS COUNSEL AND
CLASS REPRESENTATIVES, FOR ATTORNEYS' FEES AND EXPENSES,
AND FOR AND INCENTIVE AWARD FOR EACH CLASS REPRESENTATIVE**

This matter came before the Court for a final fairness hearing on November 16, 2007, pursuant to this Court's Orders of July 27, 2007 and August 8, 2007, preliminarily certifying a Class in light of the settlements, preliminarily approving the proposed settlements and approving the proposed notice to the Class [D.E. 240, 242], to consider and finally determine the fairness, adequacy, and reasonableness of the proposed Settlement Agreements entered into in May 2007, on behalf of Plaintiffs and the Class (defined below) and Chiquita Brands International, Inc. and Chiquita Fresh North America LLC ("Chiquita"); Fresh Del Monte Produce Inc. and Del Monte Fresh Produce Company ("Del Monte"); and Dole Food Company, Inc. and Dole Fresh Fruit Company ("Dole"), (collectively, the "Defendants").  Due notice of said hearing having been given; and all entities that could have made timely objections to the proposed Settlement Agreements having been given an opportunity to present such objections to the Court, although there were no such objections; and the Court having considered the matter and all of the submissions filed in connection therewith, and the oral presentations of counsel at said hearing; and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Court finds that it has jurisdiction over this action and each of the parties to the Settlement Agreements.

<u>Class Certification, Appointment of Class Counsel and Class Representatives</u>

2.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Settlements, the Court hereby finds that the prerequisites for a class action have been met and certifies the following class (the "Class"):

> All persons and entities that purchased Bananas within or provided to the United States, directly from Defendants or from alleged co-conspirators, during the period from May 1, 1999 to the Effective Date of [the] Settlement Agreement [i.e., the date there is final approval of the Settlement Agreements, in accordance with their terms]. Excluded from the Class are Defendants, their respective parents, employees, subsidiaries and affiliates, their alleged co-conspirators, and all government entities.

3.      The Court finds that the certification of the Class is warranted in light of the Settlements because (a) the class is so numerous that joinder is impracticable; (b) Plaintiffs' claims present common issues and are typical of the Class; (c) Plaintiffs and Class Counsel (defined below) will fairly and adequately represent the Class; and (d) common issues predominate over any individual issues affecting the members of the Class.  The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the Class.  The Court also finds settlement of this action on a class basis superior to other means of resolving this matter.

4.      The Court hereby appoints Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as the lead counsel for the Class ("Class Counsel"), having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

5.      Plaintiffs Brookshire Brothers, Ltd., Christopher Farms, Syracuse Banana Co., Inc., Continental Produce Co., and Harvin Foods, Inc. will serve as Class Representatives on behalf of the Class.

6.      Pursuant to the court's orders, the parties in the Brookshire action effectuated notice. Mail Notice, as defined in the court's preliminary approval order, was sent on August 22, 2007, and Publication Notice, also as defined in the court's preliminary approval order, was made during the week of August 20, 2007.  Both Mail Notice and Publication Notice directed recipients and readers to a website for complete information on the settlement process, as required in Judge Jordan's orders.

The website has been active since August 17, 2007. Such notice to members of the Class is hereby determined to comply fully with the requirements of Fed. R. Civ. P. 23(e) and due process of the law, and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all entities entitled to notice.

7.      The deadline for Class members to timely exclude themselves from the settlements was September 21, 2007. Only three (3) Class members excluded themselves from the settlements:

> Costco Wholesale Corp.;
>
> Daggett Truck Line, Inc.; and
>
> JE Fortin Transport Incorporated

<u>Final Approval</u>

8.      The Settlement Agreements were the result of bona fide and arm's-length negotiations conducted in good faith between Plaintiffs' counsel and counsel for Defendants.

9.      Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the fairness hearing, it is hereby determined that all Class members are bound by this Final Order and Judgment.

10.      The Court has held a hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement Agreements and has been advised that there were no objections to the settlements [D.E. 249].

11.      The settlements, as provided for by the Settlement Agreements, are hereby approved and found to be, in all respects, fair, reasonable, adequate, and in the best interest of the Class as a whole and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and constitutional due process.

12.      Chiquita, Del Monte and Dole have each agreed to pay the Class $2,500,000 in cash, which each Defendant has deposited into an interest-bearing escrow account at Wells Fargo Bank, N.A. The Class will therefore receive total compensation of $7,500,000 (the "Settlement Amount").

13.      Terms used in this Final Order and Judgment as to each Defendant that are defined in the respective Settlement Agreements are, unless otherwise defined herein, used in this Final Order and Judgment as defined in the Settlement Agreements.

14.     All claims asserted by Plaintiffs and the Class in this action against Defendants are hereby DISMISSED WITH PREJUDICE, and without costs, as called for by the Settlement Agreements, with such dismissal subject only to compliance by the Parties with the terms and conditions of the Settlement Agreements and this Final Order and Judgment.  Defendants and entities identified in the Settlement Agreements as "Releasees" are hereby completely released, acquitted and forever discharged to the fullest extent permitted by law from and against any and all claims, demands, actions, suits and causes of action, whether class, individual, or otherwise in nature, damages of any nature whatsoever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorneys fees, that Releasors, or any one of them, whether directly, derivatively, or in any capacity whatsoever, ever had, now has, or hereafter can, shall or may have against the Releasees, whether known or unknown, suspected or unsuspected, in law or equity, relating in any way to or on account of or arising out of the facts, occurrences, transactions or other matters alleged in the Complaint in this Action, or contained in complaints containing the same or similar allegations of conspiracy or collusion or aiding and abetting or other wrongful conduct between or among Defendants or any alleged co-conspirators, including any conduct that could have been alleged in this Action, with respect to the product and geographic markets in this Action during the Class Period, which arise under any federal, state or common law, or the law of any nation or domestic or foreign or governmental entity, including price-fixing, market or customer allocation, volume or output fixing, price discrimination, unitary pricing, trade practice, unjust enrichment, or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 et seq. (the "Released Claims").  The Class members shall not seek to recover against any of the Releasees for any of the Released Claims.

15.     The Settlement Agreements do not settle or compromise any claim other than the Released Claims against the Releasees.

16.     Neither this Final Order and Judgment, the Settlement Agreements, nor any of their terms or the negotiations or papers related thereto shall constitute evidence or an admission by any Releasee (as that term is defined in the Settlement Agreements), that any acts of wrongdoing have been committed, and they shall not be deemed to create any inference that there is any liability therefor.  Neither this Final Order and Judgment, the Settlement Agreements, nor any of the terms

or the negotiations or papers related thereto shall be offered or received in evidence or used for any purpose whatsoever, in this or any other matter or proceeding in any court, administrative agency, arbitration or other tribunal, other than as expressly set forth in the Settlement Agreements.

17.     Any dispute arising under or relating to the Settlement Agreements, including, but not limited to, the releases in the Settlement Agreements, shall be brought in the United States District Court for the Southern District of Florida.

18.     Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that there is no just reason for delay and therefore directs entry of this Final Order and Judgment as a judgment that is immediately appealable.

19.     Without in any way affecting the finality of this Final Order and Judgment, the Court hereby retains exclusive jurisdiction over this Action until the Settlement Agreements have been consummated and each and every act agreed to be performed by the parties thereto shall have been performed, and thereafter for all other purposes necessary to effectuate the terms of the Settlement Agreements.

<u>Attorney Fees and Expenses</u>

20.     Upon consideration of Plaintiffs' petition for fees, costs, and expenses, Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("CMHT"), on behalf of counsel for the Class, is hereby awarded attorney fees totaling $1.875 million (representing 25% of the Settlement Amount) and costs and expenses totaling $427,409.36, together with a proportionate share of the interest from the date the funds are deposited in the three escrow accounts until payment of such attorney fees, costs, and expenses, at the rate earned by the Settlement Amount, all to be paid solely from the Settlement Amount and without additional contribution or payment by Defendants.  CMHT shall allocate and distribute such attorney fees, costs, and expenses among the various Class counsel that have participated in this litigation.  Upon consideration of Class Counsel's petition for incentive payments to plaintiffs in these actions, Plaintiffs Brookshire Brothers, Ltd., Christopher Farms, Syracuse Banana Co., Inc., Continental Produce Co., and Harvin Foods, Inc., as Class Representatives, are each hereby awarded an incentive award in the amount of $5,000.  Finally, Class Counsel is authorized to pay the fees and costs of the Claims Administrator currently outstanding.

21.     This case is closed.

DONE and ORDERED in chambers in Miami, Florida, this 21st day of November, 2007.

Adalberto Jordan
United States District Judge

Copy to:        All counsel of record